Jacobs *v.* Kruger.

## THE PEOPLE *ex rel.* JACOBS *v.* KRUGER.

THE Act of March 26th, 1851, (Stat. 1851, 307) commonly called the Beach and Water Lot Act of San Francisco, did not extend the line of East street, from Clay to Jackson, through the slip property to the water line front as established by the act. The phrase in the first section of that act, " thence northerly *on the eastern line* of East street to its point of intersection with the northern side of Jackson street," was not designed to lay off and establish a street, or to protect the line of a street already existing; but was intended simply to fix the boundary so as to show what was conveyed by the act; and this was done by giving the *course* of the street as a single *line* protracted from East street to its intersection with Jackson.

And hence, where defendant, in September, 1851, on sale under judgment against the city, had purchased her title to a portion of the ground covered by said East street, between Clay and Jackson, and had subsequently purchased the State's interest in the same, these purchases being prior to any acts by the city declaring the street open as a public street: *Held,* that defendant owns the property as against the city; that her ordinances laying out this street being passed subsequently to defendant's acquisition of the city title, have no effect upon defendant, because the proper proceedings were not taken to condemn the land to public use.

The fact that East street was dedicated on the old plan of the city—that is, the map or plan of 1850—is insufficient to extend the street as a public highway beyond its first limits—to wit: from Folsom street to the southerly side of Market—and to the bay.

APPEAL from the Twelfth District.

Complaint filed by the Attorney General to compel defendant to remove certain buildings owned by him, and claimed by plaintiff to be situated on and across East street, in the city of San Francisco, and to leave said street open as a public street.

The complaint avers, in substance, that there is a street in San Francisco, called East street, one hundred and thirty-seven and a half feet wide, and extending from Folsom street to Jackson street; that by the Act of March 26th, 1851, entitled " an Act to Provide for the Disposition of certain Property of the State of California," all the lots of land within the boundaries there named are to be known in the act as the San Francisco Beach and Water Lots; that afterwards, by the Act of April 26th, 1858, " to provide for the sale of certain property of the State of California within the water line front of the City and County of San Francisco," it was provided that all the streets within the said water line, as laid down on

the official map of said city, and high water mark, and all the streets mentioned in said Act of March 26th, 1851, to the full extent of said streets, and the streets as laid down on the map made by J. J. Gardner, Surveyor, referred to in sections two and seven of the Act of 1858, were by the act confirmed, established and dedicated to the public use as streets; that on the twenty-seventh of June, 1856, the city authorities passed Ordinance No. 982, declaring East street open as a public street from Folsom to Clay; and on the thirtieth of June, 1856, they passed Ordinance No. 983, declaring said street so open from Clay to Jackson; that for the past six years and more a part of said street has been and now is open and used as a public street, and has been repaired, etc., by assessments, according to law, upon the houses and lots and blocks adjoining said street; that defendant has erected buildings on and across said street between Clay and Jackson streets, and continued said buildings there since October 1st, 1853, and refuses to remove them. Prayer that he be compelled to remove said buildings, and leave said street open as a public highway.

The answer, in substance, admits the existence of East street, but avers that it extends only from Folsom street to the southerly side of Market street; that to this extent said East street had been open and established long before the Act of March 26th, 1851, relied on by plaintiff; that this act did not intend to open, establish or dedicate said street, or to extend it beyond its original limits as laid down on the official map of the city referred to in said act; that, on the contrary, said act, in bounding the beach and water lots by an extension of the eastern line of said street to Jackson street, only intended a protraction of said line as a single line to mark the boundary of the permanent water front of said city; that the same is true of the Act of 1858 referred to in the complaint; that if said act was intended to open and establish East street, between Market and Jackson streets, then it would be void as to this defendant, because he was owner of the property now claimed by plaintiff long before the passage of the act, and because there has been no proper proceeding condemning the said land for public use as a street, or of extending said East street to Jackson; and that the same is true of the ordinances referred to by plaintiff.

The case was referred to S. M. Wilson as referee to take the testimony and report a judgment, and subsequently, having been tried, the referee found the following facts:

1. In the year 1850, the ayuntamiento or town council of San Francisco caused a plan or map of the beach and water lots in said town to be made, upon which was marked out and designated lots and streets.   By this plan lots were sold ; among these streets the most eastern one was called " East street," and ran from Folsom street to Market street, and then stopped.   North of Market street there was a space two hundred and seventy-five feet wide, or what would make one tier of blocks, which was the property between Sacramento and Clay streets, extending west to Davis street, which was dedicated by the city authorities by ordinances of the different city governments as Long Wharf, or Commercial street slip.

2. That up to and on the twenty-sixth day of March, 1851, the property north of the intersection of East, Sacramento and Market streets, and east of Drum street, was an open portion of the bay of San Francisco, and no street or lot had ever been laid out in the same, and no piling or improvement of any kind had been made thereon, nor had it ever been laid down on any map of the city of San Francisco ; and that at the same time, the property lying north of Washington street, and east of Davis street, and south of Pacific street, and bounded on the east by the water lot boundary line, was also an unimproved and open portion of the bay, and no street or lot had ever been laid out upon any portion or part of the same ; and that by the Water Lot Act, passed March 26th, 1851, the property above specified was added to the city plot.

3. That the above specified property all lies within the San Francisco beach and water lots, as defined by the act entitled " an Act to Provide for the Disposition of certain Property of the State of California," passed March 26th, 1851, and embraces the property described in the complaint as lying between Clay and Jackson streets, being one hundred and thirty-seven and one-half feet wide, having for its eastern boundary line the line named in said act of twenty-sixth of March, 1851, as the " permanent water front of said city," and which last named tract embraces the premises occupied by the defendant, and as such described in the complaint and answer.

4. That until the eighteenth of September, 1851, and after, the above described property remained in the same condition as above described, on which day the title of the city of San Francisco to the said property claimed and occupied by the defendant was acquired by him at Sheriff's sale, under an execution issued upon a judgment against the city of San Francisco, by which sale all the right, title and interest of said city in and to said property passed to the defendant, who afterwards purchased the right, title and interest of the State therein at certain sales under acts of the Legislature, made by the State Land Commissioners, and the defendant obtained and now holds both the title of the city and State to the property he now occupies and claims; and that at the time of the purchase, as aforesaid, of the said right, title and interest of said city, no ordinance of said city had been passed relative to East street.

5. That about the year 1853, a street was built and erected from Clay street to Jackson street, adjoining and outside and east of the water line front as fixed by said Act of March 26th, 1851; that it was built by different wharf companies under contracts made with said city, by which contracts said street was to be free for the public use in part consideration for the franchises which they were receiving from the city; that said street, lying easterly of the water line boundary, is generally called East street, and has been kept open as a street since the year 1853.

6. That the said property along the western line of said permanent water front line between Clay and Jackson streets, one hundred and thirty-seven and one-half feet wide, was partially built upon and occupied for stores in the year 1853; and that in 1854 and 1855 persons claiming to be owners of the same, piled and capped the same, and erected buildings on the entire water front line, and along the street to the eastward of said water front line as established by the said act of the Legislature. And the entire front of said water front line is now built upon and occupied by merchants for stores, warehouses and granaries of different kinds: the entire front having been so occupied by buildings and merchants since the year 1855.

7. There never has been any portion of the property, bounded

by Clay and Jackson streets, and one hundred and thirty-seven and one-half feet in width, bounded on the east by said permanent water front line, claimed by plaintiff as a street, that is or ever has been used as a public street, or a street of any kind.

8. That the property claimed by the defendant, and referred to as such in the complaint and answer, has been assessed every year regularly since the year 1851. for State, city and county taxes to the defendant, who has paid all of such taxes.

9. That the State Land Commissioners, under the several acts of the Legislature to dispose of the State's title in all beach and water property in San Francisco, laid out into lots and sold the said property described in the above finding number seven.

10. That neither the city nor the city and county of San Francisco have at any time paid, or offered to the defendant the value of said premises occupied by him, nor in any manner compensated him for the use of his said premises for a street, and that the same are not situated in any street of said city or city and county.

11. That the premises occupied and claimed by the defendant, and described in the complaint and answer, are not and never have been any part of East street, but are private property, and not dedicated as a public street.

And as a conclusion of law, the referee finds that said defendant is owner of the said premises claimed and occupied by him in fee simple, and that the same is not situated upon any street; that the same never constituted any part of East street; and that the occupation of the same is of no damage to the people of the State, and is no nuisance; and that the plaintiff is entitled to take nothing by said complaint; and that the defendant have judgment against the plaintiff for the dismissal of said complaint, and that the relator pay the costs, etc.

The report was confirmed by the Court, and judgment rendered for defendant. Motion for new trial having been overruled, plaintiff appeals.

*F. A. Fabens,* for Appellant.

I. It is alleged in the complaint that there is a street called " East street," of one hundred and thirty-seven feet six inches in

width, extending from Folsom street to Jackson street; the answer admits the existence of this street—that is, a street one hundred and thirty-seven and a half feet wide—but avers that it extends in length only from Folsom street to the southerly side of Market street.    The evidence shows besides that said street has been opened near one-third of its width (meaning near one-third of the one hundred and thirty-seven and a half feet) from Market street to Clay street.    It may therefore be considered as a fact established, that if there is an East street as claimed, said street is of the width of one hundred and thirty-seven and a half feet.

II.    Was there and is there such a street?    The Legislature of this State, by their Act of March 26th, 1851, entitled " An Act to Provide for the Disposition of certain Property of the State of California," declared that there was.    They describe the permanent water front of the city in this locality as the *eastern line of East street*, from Folsom street to its point of intersection with Jackson street, and grant to the city for ninety-nine years the land inside of that line.    Now if there was no East street, there could be no east line of such a street—there could not be an east line of a thing which did not of itself exist—and if there was no such east line, then there was no water front line established by that act. But it is admitted that the act did establish the permanent water front of the city.    The only description of that water front line, in the locality in question, was the eastern line of East street; therefore there was an East street capable of having an eastern line. There being an East street and an eastern line, there must necessarily have been a western line, and if the first position is correct, a width of one hundred and thirty-seven and a half feet.

The averment in the answer, that the said Act of March 26th, 1851, bounded the beach and water lots by " an extension " of the east line of East street, is not correct; no such phrase is used in the act, and the position that the Legislature only intended a protraction of said line as a single line is untenable.    No such intention can be inferred from the language used.    (Session Acts, 1851, 307.)

III.    By the Act of March 26th, 1851, the use and occupation of certain premises were granted to the city of San Francisco for

a period of ninety-nine years by the State of California.   These premises were bounded by the lines of certain streets, and in the locality in question by the east line of East street.   Both parties, the State and the city, thereby acknowledge the fact of the street, one line of which is one of the boundaries of the grant.   The grant is made, therefore, subject to the easement of the street whenever opened and built, and is so received by the city, and all persons claiming under the city and State take subject to the same easement.   (See authorities cited in support of the next following position.)

IV.   The land conveyed by the State by the Act of March 26th, 1851, at that time belonged to the State, and the grant of its own land by the State bounded by the line of a street, also owned by the State, is equivalent to the laying out and immediate dedication of such street by the highest authority.   The grantor can no longer deny its existence, the grantees and those claiming under them are equally bound to admit it, and the public have the right to enjoy it.   ( *Wyman* v. *The Mayor of New York*, 11 Wend. 487; *Livingston* v. *The Mayor of New York*, 8 Id. 85; *City of Cincinatti* v. *White's Lessees*, 6 Pet. 431; *Trustees of Waterman* v. *Cohen*, 4 Paige Ch. R. 510; *Breed et al.* v. *Cunningham et al.*, 2 Cal. 361.)

V.   That there was an East street, as claimed, before March 26th, 1851, in contemplation of law; that it was a part of the design of city streets to be built whenever the wants and business of the locality would justify it, is shown by the language of the act already cited, and the other acts and ordinances in evidence on the part of the plaintiff.

VI.   The ordinances of the city introduced in evidence by the plaintiff all deal with East street as an existing street, and were passed for the purpose of opening it, on certain portions, as the demands for the same required it.

By ordinance five hundred and one, approved Nov. 29th, 1853, East street was declared open from Sacramento to Clay street.

By ordinance nine hundred and eighty-two, approved June 27th, 1856, the same street was declared open from Folsom to Clay street.

By ordinance nine hundred and eighty-three, approved June 30th, 1856, it was declared open from Clay to Jackson street.

By order number eighty-two, passed September 14th, 1858, the Supervisors of the city and county ordained and declared East street, from the northerly side of Clay street to the northerly side of Jackson street, to be opened as a public street.

So too by the Act of April 26th, 1858, section seven, all the streets mentioned and referred to in the Act of March 26th, 1851, are confirmed, established and dedicated to the public use as streets. (Session Acts, 1858, 324.) So too by the Act of April 19th, 1856, section thirty-eight, provision is made for the expense of the construction of the streets constituting the water front of the city. (Session Acts of 1856, 156.)

VII. Where a city is laid out with streets running to the water, or an open portion of the bay, and that open portion is filled in or the city front enlarged by accretion or otherwise, such streets should be held to continue over such enlarged city front. This principle has been expressly decided by this Court in the case of *Wood* v. *The City of San Francisco et al.*, (4 Cal. 190) and the effect of the Act of March 26th, 1851, already cited, in thus extending such streets and subjecting them to the free enjoyment of the public, and exempting them from executions against the city, is fully passed upon, and it is held that such is its operation.

*Heydenfeldt*, for Respondent.

I. The city of San Francisco is surveyed upon two different and distinctly marked plans.

Market street is the division line between these two surveys. North of Market street the city is laid out by lines running at right angles with the points of the compass. South of Market street the survey is in right angles diagonally to the points of the compass.

The property named in the complaint belongs to the northern survey; East street belongs to the southern survey, and could not be introduced into the northern survey without an awkward disarrangement of its plan.

That East street exists between Folsom and Market is shown by

Jacobs *v.* Kruger.

the map of the city from the time of the survey.    As to the width of the street, it is an immaterial question.

2.  The only reliance of appellant to show that East street exists and extends north of Market street, is the language of the Act of 1851 : " To Provide for the Disposition of certain Property of the State of California," commonly known as " The Water Lot Bill." The language is—" thence northerly on the eastern side of East street to its point of intersection with the northern side of Jackson street."

It is this expression which is alone not only to establish and dedicate a street, but to cut up and disarrange one plan of survey by the introduction of a street totally lacking in conformity.    This will not be supposed to be the object of the Legislature, unless it is expressed in unmistakeable terms.

In the construction of statutes, the first great point is to get at and fix the object of the law, and then to construe it so as to favor the object, and to repel every thing foreign to the object, unless the enactment of such foreign ingredient is explicit and unavoidable.    (*Dobbins* v. *The Board of Supervisors,* 5 Cal. 414.)

The Water Lot Bill had two objects : one which was the principal, and the other auxillary and essential to the first.    The main object was to convey certain property out of the State ; the auxillary object was to fix the exact boundary lines of the property granted, and, as a necessary consequence, to fix the " permanent water front " of the city.    There is no such object in the act as that of establishing or dedicating streets.    It uses the names of streets already established and fixed upon the map of the city for the purpose of dedicating a line.

At that time East street on the map of the city stopped at Market street.    Not a word of the Water Lot Act extends it ; but the water front line is made to run on the eastern line of East street to its intersection with Jackson.

Now here the subject matter is " the line ; " that is, the water front.    This water front is to run " on the eastern line of East street to its intersection," etc.    Not to the intersection of East street with Jackson, but to the intersection of its eastern line ; that is to say, the eastern line protracted to Jackson street.

Every line is indefinite in extent.    Establish it once, and mathematically it goes round the world.    Therefore, a line when once established may be referred to as descriptive of its own position, or of anything else which it may be useful to affect at any distance from the place where it is first laid.

3. The Water Lot Act conferred upon the city a term in the property of ninety-nine years; and the case shows that at this time the property in question was a part of the open bay of San Francisco, covered with water, never had been surveyed, nor even platted upon any map as lots and streets.    Whilst yet in this condition the title of the city became vested in respondent by a regular sale, and it consequently follows that if the street was not established and dedicated by the terms of the Water Lot Bill, then it never could be done, except by regular process of condemnation, accompanied with full compensation to respondent; so that any subsequent ordinances or orders of the city authorities, which attempt to open or establish it, are invalid.    (*Gunter* v. *Geary*, 1 Cal. 65; *San Francisco* v. *Scott*, 4 Id. 116; *McCauley* v. *Weller*, 12 Id. 528; *Bensley* v. *Mountain Lake Water Company*, 13 Id. 313.)

4. There are but two modes of making a public street or road—one is by dedication, the other by direction of law, accompanied with condemnation.    Dedication may be by user and lapse of time, or by the acts of the party, direct or indirect—direct, as by deed; indirect, as by selling lots or land bounding on a street, or so shown by a plat of survey.    Neither of these methods has been shown in this case.    Direction of law will not be presumed against the rights of the owner.    It must be affirmatively and specifically shown.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We take the same view of the main question in this case as that taken by the referee and the District Court.

The question is, whether the street on which it is claimed the defendant intruded—namely, East street, in the city of San Francisco—was legally established to the water line prior to the passing of the city title to the defendant or his predecessor.    It is not

Jacobs *v.* Kruger.

pretended that any street was actually laid out to the bay prior to the sale by the Sheriff of this lot of defendant's as the property of the city ; but the appellants insist that, by the terms of the Water Lot Bill of 1851, the line of East street was extended to the water front.   By that bill, the State granted to the city certain property for ninety-nine years ; and the boundaries are given, a part of which is as follows: " Thence northerly *on the eastern line* of East street to its point of intersection with the northern side of Jackson street."   But this phrase was not designed to lay off a street or to protract the line of a street already existing.   The Legislature might well trust the city with such police and municipal regulation.   The only object was to fix a boundary in order to show what was conveyed.   This could as well be done by giving the course, or the imaginary or real line of the given street, as by opening and establishing the street to the desired point and making it the boundary.   The *line* protracted from East street to its point of intersection with the northern side of Jackson street, would give this idea and answer this purpose of the Legislature, and it was not at all necessary in this indirect and collateral way for the Legislature to go to the trouble of establishing a street for the city of San Francisco ; and we cannot presume, either from the language or the reason of the act, that such was the Legislative design.

It follows that, as the ground occupied by the defendant belonged to the city, and the defendant succeeded to the city title before any acts of the city authorities were taken to turn it into a street, the acts are without effect upon the defendant, since the proper proceedings were not taken to condemn it or subject it to the public use.

There is nothing in the point that, as East street had been dedicated on the old plan of the city, this was sufficient to extend the street as a public highway beyond its first limits and to the bay.

Judgment affirmed.